### Nellie E. Plante, Administratrix, Appellee, v. Illinois Central Railroad Company, Appellant.

### Gen. No. 5,111.

1.   EVIDENCE—*when proof of ordinance sufficient.   Held,* that the book purporting to contain the ordinance in question and to be "published by authority of the president and board of trustees," sufficiently established the existence of such ordinance.

2.   CONTRIBUTORY NEGLIGENCE—*how question of, as applied to person seeking to cross railroad tracks, determined.*   If the evidence is conflicting and is of such a character as might justify the inference that the deceased approached the tracks from a direction which obstructed his view of the oncoming train, the question of contributory negligence is for the jury.

3.   INSTRUCTIONS—*must not assume facts in dispute.*   It is proper for the court to refuse to give an instruction which assumes the existence of facts in dispute.

Action in case for death caused by alleged wrongful act.   Appeal from the Circuit Court of Kankakee county; the Hon. FRANK L. HOOPER, Judge, presiding.   Heard in this court at the October term, 1908.   Affirmed.   Opinion filed March 24, 1909.

W. R. HUNTER, for appellant; JOHN G. DRENNAN, of counsel.

J. BERT MILLER, for appellee.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

This is an appeal by the defendant, the Illinois Central Railroad Company, from a judgment for $750 recovered by the plaintiff, administratrix of Eugene Plante, deceased, in an action wherein it is alleged the defendant wrongfully caused the death of plaintiff's intestate. The appellant operates a double track railroad which runs north and south, crossing the east and west streets of the village of Manteno. The deceased was killed at the Chestnut street crossing of appellant's railroad in that village, and left surviving a widow, a daughter aged sixteen and a son aged twenty-one.

The appellant urges as grounds for reversal: (1) that the deceased was killed because of his own contributory negligence in not using due care in crossing the appellant's railroad; (2) that the court erred in refusing two instructions requested by appellant; (3) that there was error in admitting in evidence an ordinance of the village of Manteno over appellant's objection.

The declaration alleges in different counts, that the appellant was negligent in failing to ring a bell or blow a whistle; that an ordinance of the village provides that no railroad shall run any train within the village limits at any greater rate of speed than ten miles an hour, and that disregarding the ordinance the appellant ran its train at a speed in excess of ten miles an hour.

The appellee offered in evidence the title page, with sections 255 and 286, and the certificate of the clerk on the last page thereof, of a book purporting to be the Municipal Code of the village of Manteno. From the title page the volume purports to be a revision of the ordinances of the village of Manteno, and that it is *"published by authority of the president and board of trustees."* Section 255 on page 76 of the ordinances, limits the speed of passenger trains to not

exceeding ten miles an hour. Section 286 of the ordinances provides for the revision and publication in book form of the ordinances of the village of Manteno, and recites that when published as required by law, with the certificate of the president and village clerk, under the corporate seal of the village, the ordinances shall be in force. The volume is signed by the president of the board and the clerk, and has a certificate of the clerk, under the corporate seal of the village, that the foregoing is a true copy of the original ordinance.

The proof of the ordinance clearly brings them within section 65 of chapter 24 of the statute concerning cities, villages and towns, and there was no error in admitting the ordinances in evidence.

Regarding the question of contributory negligence of the deceased, the evidence discloses that he was killed by a south bound passenger train on the west track of appellant's railroad; that a freight train passing north crossed Chestnut street just before the passenger train reached the street from the other direction. The proof also shows that the passenger train was running at a rate of somewhere between twenty-five to forty-five miles an hour. The engineer states that the train was running sixty miles an hour, when it entered the village limits, eighty rods north of Chestnut street. The evidence is conflicting as to which direction the deceased was going when killed. A few minutes before the accident he was seen west of the track going east on the sidewalk. Two persons testify to having seen him at the time he was killed. The engineer of the passenger train states that he saw him approach the track from the west. The brakeman who was on the rear end of the freight train which crossed the street going north just before the deceased was killed states that he saw the deceased cross the east track going west just after the freight train crossed the street, and going upon the west track where he was struck by the passenger train. The ap-

pellant admits that it was running its train at a greater rate of speed than that prescribed by the ordinance. The evidence shows that a person approaching the railroad crossing from the west has a clear and unobstructed view of the crossing, and that for a long distance up and down the track there is nothing to prevent a traveller on the street seeing the train, with the exception of a coal shed which stood thirty-five feet west from the track on the north side of Chestnut street. If the deceased came from the west then it might well be claimed that he was guilty of contributory negligence in failing to see the train. On the other hand if he came from the east the passage of the freight train and the noise made by it might be a reasonable excuse for failing to see or hear the passenger train. In such case it is a question of fact proper to be submitted to the jury to say whether the deceased contributed to his death or not. We are of the opinion that from the admitted violation of the ordinance by the speed of the passenger train, and the proof that the freight train shut off the view of the passenger train coming from the north, from a person approaching the railroad tracks from the east, a jury might reasonably find in favor of appellee.

The first instruction asked by the appellant which was refused, assumed that the deceased approached the south-bound track from the west. This was a question over which there was a controversy and it would have been error to have given the instruction. There was no error in refusing the third instruction, for the reason that the principles contained in that instruction were all embodied in the fifth, seventh and eighth instructions given at the request of appellant.

Finding no error in the case the judgment is affirmed.

*Affirmed.*